UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| YUROK TRIBE,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY DOWD, *et al.*,<br><br>        Defendants. | Case No. 16-cv-02471-RMI<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 100 |

Now pending before the court is a Motion to Dismiss (dkt. 100) filed by Defendant Gary Dowd urging dismissal for lack of jurisdiction. The motion is fully briefed and ripe for adjudication (*see* dkts. 100, 103, 104, 105). For the reasons explained herein, Defendant's motion is denied.

## **BACKGROUND**

In May of 2016, the Yurok Tribe (hereafter "the Yurok") filed suit on behalf of itself and its members against the Resighini Rancheria (hereafter "the Rancheria") and its members, and also against Gary Mitch Dowd (hereafter "Dowd") individually and as a member of the Rancheria. *See* Compl. (dkt. 1) at 1-16. The Yurok sought a declaratory judgment to the following effect: (1) that the Rancheria and its members, by declining to merge with the Yurok pursuant to the Hoopa-Yurok Settlement Act (25 U.S.C. § 1300i *et seq.*) ("HYSA") waived and relinquished any and all rights and interest they may have had in the lands and resources within the Yurok Reservation, including in the Klamath River Indian Fishery, within the Yurok Reservation, without the consent or authorization of the Yurok Tribe or without a license issued by the State of California; and, (2) that Dowd, individually as a member of the Rancheria, and as an officer of the Rancheria, by

electing to be paid a cash sum in return for extinguishing any and all rights and interest in the land and resources of the Yurok Tribe, including in the Klamath River Indian Fishery within the Yurok Reservation, has no right to fish within the Yurok Reservation without the consent of the Yurok Tribe, or without a license issued by the State of California. *Id*. at 15-16.

      In October of 2017, Defendants filed a motion to dismiss (dkt. 47), which the court granted in full on the following grounds: (1) the Rancheria was dismissed as a party on sovereign immunity grounds; and (2) the Yurok's individual capacity claim against Dowd was dismissed under Fed. R. Civ. P. 19 for failure of joinder as to a necessary party – to wit, the Rancheria. *See* Order of January 25, 2018 (dkt. 55) at 1-13. Judgment (dkt. 56) was entered the same day. Following a successful appeal by the Yurok, the case was remanded for further proceedings as to the Yurok's individual capacity claim against Dowd – that is, whether Dowd's fishing activities violated the HYSA. *See* Mem. Op. (dkt. 60) at 4-5.

      This saga has been ongoing for quite some time and the instant case represents only the latest manifestation of this dispute. *See e.g., Resighini Rancheria v. Bonham*, 872 F. Supp. 2d 964, 966 (N.D. Cal. 2012) (wherein the Rancheria and Frank and Gary Dowd sued the California Department of Fish and Game in pursuit of a declaration that they are entitled to fish on the Klamath River within the old Klamath River Reservation/Extension, and an injunction barring the state department of fish and game from citing Rancheria members for fishing in that area). At this point, there remains no reason to doubt that Dowd "want[s] to be able to fish on the Klamath River within the old Klamath River Reservation/Extension without being cited . . . [given that this area is] not within the Resighini Reservation but rather within the reservation of another Indian tribe, *i.e.*, the Yurok Tribe." *Id*. About twelve years ago, Dowd was cited for fishing in that area by Yurok police officers who were also cross-deputized as Del Norte County sheriffs; [m]ore specifically, on August 29, 2010, the Yurok Police Department seized fishing equipment owned by Gary Dowd . . . [on grounds that by fishing in those waters without a state permit or Yurok consent] Gary Dowd had violated both tribal ordinances (the Yurok Harvest Management Plan) and the California Fish & Game Code." *Id*. Following some back-and-forth between Dowd's counsel and the general counsel for the Department of Fish and Game ("DF&G"), Dowd and the

1  Rancheria filed suit against the DF&G seeking a declaration that they are entitled to fish on the

2  Klamath River within the old Klamath River Reservation/Extension, as well as an injunction

3  barring the DF&G from citing members of the Rancheria for fishing in that area. *Id*. As part of the

4  back and forth between the parties' counsel, counsel for DF&G specifically informed Dowd and

5  the Rancheria to the following effect:

> The 1988 Hoopa-Yurok Settlement Act (Settlement Act), which partitioned the former joint reservation into the Yurok Reservation and the Hoopa Valley Reservation, expressly excluded the Resighini Reservation from the new Yurok Reservation unless the Rancheria voted to extinguish their tribe and their reservation and become part of the Yurok Reservation. The Resighini Rancheria declined to merge with the Yurok Tribe under section 11(b) of the Settlement Act, and instead opted to accept section 6(d) individual lump sum payments. As a result, only current members of the Yurok Tribe are beneficiaries of the reserved fishing rights that attach to the present day Yurok Reservation.
> While the [DF&G] generally does not have authority to enforce state fishing regulations against Indians on their own reservations, the [DF&G] may criminally enforce the Fish and Game Code against Resighini members *on the Yurok Reservation* in the same manner as it regulates non-Indian fishing on the reservation.

*Id*. at 967 (emphasis added).

17  Following the receipt of that correspondence, Dowd and the Rancheria instituted the case against

18  the DF&G which was styled, *Resighini Rancheria v. Bonham*. *Id*. Judge Chen dismissed that

19  particular iteration of that action on grounds that the Rancheria and Dowd had failed to make a

20  *prima facie* showing that there was any case or controversy under Article III. *Id*. at 973-74.

21      As mentioned above, following remand, only one question remains involved in this case –

22  that is, whether Dowd's continued fishing in the waters in question violates the HYSA in light of

23  the assertion that by electing to be paid a cash sum in return for relinquishing any and all rights

24  and interest in the land and resources of the Yurok Tribe, including in those portions of the

25  Klamath River Indian Fishery within the Yurok Reservation, Dowd has no right to fish within the

26  Yurok Reservation without the consent of the Yurok Tribe, or without a license issued by the State

27  of California. *See* Compl. (dkt. 1) at 15-16.

28  //

# LEGAL STANDARD

Rules 12(b)(1) and 12(b)(2) govern, respectively, motions to dismiss for lack of subject matter and personal jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no evidentiary hearing is held), a plaintiff need only establish a *prima facie* case of jurisdiction. *See e.g.*, *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985). Once a court's jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (subject matter jurisdiction); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (personal jurisdiction). It should be noted that while the proponent must "make a *prima facie* showing of jurisdictional facts" to withstand a motion to dismiss, any disputed facts are resolved in the proponent's favor. *See id.* (internal citations omitted).

In resolving a factual dispute as to the existence of subject matter jurisdiction, courts may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Safe Air*, 373 F.3d at 1039. Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

It should not go without mention that dismissal for lack of subject matter jurisdiction is rare in federal question cases and is warranted only "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted). Thus, in such situations,

4

dismissal "is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id*. (internal quotation marks and citation omitted). In short, "[t]he question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id*. (internal quotation marks and citation omitted).

## DISCUSSION

Dowd's Motion to Dismiss (dkt. 100) is attended with a declaration from the Chairperson of the Rancheria stating that the Rancheria's inherent sovereignty includes a federally reserved tribal fishing right and the right to "authorize and regulate the conduct of its members to fish in those portions of the Klamath River that lie within the boundaries of the original Klamath River Reservation," and that "[a]t all times relevant to the . . . Yurok Tribe's claims as set forth in its complaint in this case, the [Rancheria] authorized [] Gary Dowd[] to fish in the Klamath River, both within the boundaries of the Resighini Rancheria's Reservation and within the boundaries of the Klamath River Reservation . . ." *See* Murphy Decl. (dkt. 100-1) at 2. Dowd's argument hangs on this declaration – in essence, while Dowd concedes that his acceptance of the $15,000 cash payment under the HYSA extinguished any right he might have claimed to fish in the waters in question pursuant to Yurok authority, Dowd nevertheless claims an independent right to fish in those same waters pursuant to the Rancheria's purportedly concurrent authority (delegated to him as set forth in the Murphy Declaration) to fish in those same waters. *See* Def.'s Mot. (dkt. 100) at 15-18.

The Yurok argue that Dowd is attempting to reframe and contort the issue before the court. *See* Pl.'s Opp. (dkt. 103) at 2. Specifically, the Yurok submit that Dowd's current approach (claiming an independent source of authority to fish in the waters in question) is untenable because he entered into an agreement with the United States, pursuant to the HYSA, "in which he was paid money in return for a complete release of all claimed rights, from whatever source, to fish in the Klamath River." *Id*. Accordingly, the Yurok argue that "[a]fter years of litigation, Dowd now asserts that his right to fish survived that contract and release, because he is fishing pursuant to 'an

alternate authority, namely the Resighini Rancheria's authority.'" *Id*. Thus, the Yurok couch Dowd's assertion as an argument to the effect that "this Court lacks jurisdiction to hear his reframed issue." *Id*. at 2-3. The Yurok suggest that Dowd's approach is due to be rejected because the appellate court's mandate implicitly held that this court does indeed have jurisdiction to decide the effect of Dowd's HYSA election on his fishing activities without any impairment to the Rancheria's interests. *Id*. at 3-4. The Yurok also argue that Dowd has taken inconsistent positions throughout this case, and that in any case, Dowd's current assertions constitute factual disputes that "[t]he Yurok Tribe reserves the right to contest [] if and when they are properly raised at a subsequent stage of this case." *Id*. at 5. Specifically, the Yurok submit that "[h]aving [previously] consistently claimed that he was fishing on the Yurok Reservation, Dowd now inexplicably claims he either had been fishing or in the future will fish only on the Resighini Rancheria[,] [r]esolving that factual and legal issue is not appropriate on a motion to dismiss." *Id*. In short, the Yurok note that Dowd's motion to dismiss, "essentially seeks a declaratory judgment that the extinguishment effect of the HYSA for those who accepted the buyout payment is limited to rights derived from membership in the Yurok Tribe and rights exercised pursuant to the Yurok Tribe's sovereign authority," however, because "[t]hat question [] goes to the merits of the [Yurok] Tribe's claims, not this Court's jurisdiction to entertain such claims [] [i]t would be premature and improper for this Court to reach that question in deciding a motion to dismiss." *Id*. In essence, the Yurok argue that Dowd's jurisdictional argument is inextricably intertwined with the merits of the claim at issue.

In reply, Dowd largely reiterates the position that "effectuating the [] HYSA extinguished his privilege to fish in the Klamath River pursuant to the Yurok Tribe's authority," which Dowd contends "disposes of the only issue before the Court on remand." *See* Def.'s Reply (dkt. 104) at 2. Of course, the essence of Dowd's post-remand gambit seeks to take advantage of the unusual posture in which this litigation finds now finds itself mired. To recapitulate: (1) the HYSA gave the Rancheria's members an opportunity to join the Yurok Tribe; (2) Dowd chose to decline that invitation and to receive a cash payment which had the effect of extinguishing any interest or right whatsoever, *inter alia*, in the tribal resources within or appertaining to the reservation of the Yurok

6

Tribe; (3) the Klamath River, during normal flow, comes (to a small degree) within the boundaries of the Resighini Rancheria Trust on its Eastern and Northwestern sides (*see* RFJN (dkt. 105-1) at 3); (4) Dowd admittedly "sometimes fishes on portions of the River that are not within the boundaries of the Rancheria," (*see* Def.'s Reply (dkt. 104) at 4); (5) Dowd claims that he does so pursuant to a privilege granted to him by the Rancheria; (6) this court previously dismissed the Rancheria from this action due to sovereign immunity and found that the Yurok had waived any official capacity claims against Dowd, leaving only an individual capacity claim against Dowd (*see* Order of Dismissal (dkt. 55) at 1-6); (7) as to the resolution of that single individual capacity claim, the undersigned previously held that the resolution of this claim has been rendered impossible due to the failure to join the Rancheria, an indispensable party (*see id*. at 6-12); and, lastly, (8) the appellate court reversed that last finding and held that this court could indeed adjudicate the Yurok's individual liability claim against Dowd without joinder of the Rancheria because finding that some or all of Dowd's fishing violated the HYSA can be effected without affecting the Rancheria's rights (*see* Mem. Op. (dkt. 60) at 3-5).

      Seeking to take advantage of what appears to be a catch-22, Dowd has advanced the instant motion to dismiss which, in essence, claims that there is no subject matter jurisdiction under the HYSA because Dowd's fishing activities were conducted pursuant to a "privilege" conferred to him by the Rancheria pursuant to their federally reserved fishing "right" – hence, there is no jurisdiction for the court to determine if Dowd's fishing violated the HYSA because Dowd's attached evidence (*see* Murphy Decl. (dkt. 100-1) at 1-2) purports to establish that the HYSA has not been violated because Dowd's fishing was conducted pursuant to an independent source of authority. In other words, Dowd's gambit has the effect of pushing the court down an avenue that has been foreclosed by the earlier developments in this case – that is, the dismissal of the Rancheria as immune from suit in this instance, and the appellate court's conclusion that the Yurok's HYSA claim against Dowd can be adjudicated in a manner where "the Resighini Rancheria's interests would not be impaired or impeded if the action against Dowd in his individual capacity proceeds in the Resighini Rancheria's absence . . . [and regardless of the outcome] the suit would not impair or impede any claimed interest of the Resighini Rancheria."

*See* Mem. Op. (dkt. 60) at 4. Thus, by filing a motion to dismiss for want of subject matter jurisdiction, and by "conceding" that he possess no Yurok-derived right to "sometimes fish[] on portions of the River that are not within the boundaries of the Rancheria" based on a "privilege" to do so that has been conferred upon him by the Rancheria, Dowd is attempting to take advantage of the Rancheria's absence from this suit by using their rights as both a shield and a sword. While it remains to be seen if this tactic can ever gain any traction, one thing is clear: Dowd's jurisdictional argument is deeply intertwined with the merits of the only surviving question in this case, to wit, whether or not the HYSA has been violated on those occasions when "Dowd sometimes fishes on portions of the River that are not within the boundaries of the Rancheria." (*See* Def.'s Reply (dkt. 104) at 4).

In a Rule 12(b)(1) motion to dismiss, a district court may, generally speaking, "resolve disputed factual issues bearing upon subject matter jurisdiction . . . unless 'the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits.'" *Wilkins v. United States*, 13 F.4th 791, 796 (9th Cir. 2021) (quoting *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1196-97 (9th Cir. 2008)). "'Such an intertwining of jurisdiction and merits may occur when a party's right to recovery rests upon the interpretation of a federal statute that provides both the basis for the court's subject matter jurisdiction and the plaintiff's claim for relief.'" *Wilkins*, 13 F.4th at 796 (quoting *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1094 (9th Cir. 2008). In cases where these questions are "so intermeshed," dismissal is improper. *Wilkins*, 13 F.4th 791, 796 (9th Cir. 2021) (quoting *Kingman*, 541 F.3d at 1196-97). As mentioned above, Dowd's argument to the effect that there is no jurisdiction under the HYSA to determine whether his fishing violated the HYSA <u>because</u> he did not violate the HYSA represents exactly such an intermeshing.

//
//
//
//

# CONCLUSION

Accordingly, for the reasons expounded herein, Dowd's Motion (dkt. 100) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 5, 2022

ROBERT M. ILLMAN
United States Magistrate Judge