UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| YUROK TRIBE,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY DOWD, et al.,<br><br>        Defendants. | Case No.  16-cv-02471-RMI<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 173 |

On February 13, 2026, Defendant's counsel filed a Notice of Death indicating that Defendant Gary Dowd had passed away. (Dkt. 173.) The Notice included a short Motion to Dismiss arguing that this case should now be dismissed for lack of subject matter jurisdiction under Rule 12(h)(3). Plaintiff filed its response opposing dismissal. (Dkt. 175.) For the following reasons, the court GRANTS the Motion and DISMISSES the case.[1]

Courts have an independent duty to assess subject matter jurisdiction at any time, and to dismiss whenever the court determines that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017). The court's jurisdiction is proscribed by the Constitution, which limits federal courts to hearing live "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). Mootness is a jurisdictional question: "federal courts have no jurisdiction to hear a case that is moot, that is,

---

[1] Because the court dismisses the case in its entirety, the pending cross motions for summary judgment are **DENIED** as moot. (Dkt. 162; Dkt. 163.)

United States District Court
Northern District of California

where no actual or live controversy exists." *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). A case is moot if the court cannot grant effective relief, if the parties no longer have a legally cognizable interest in the outcome of the case, or if events after filing resolve the dispute. *Id.* at 989; *Pitts*, 653 F.3d at 1087. If a court has determined that a case is moot, the court no longer has jurisdiction over the case and must dismiss it, even when doing so appears to undermine the past effort and resources expended by the parties and the court. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000); *see also, e.g.*, *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (reiterating that cases must be dismissed when it is no longer possible for the plaintiff to obtain relief); *Pitts*, 653 F.3d at 1087 ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.").

Before the Notice of Death was filed, only one question remained in this case:

> [W]hether Dowd's continued fishing in the waters in question violates the [Hoopa-Yurok Settlement Act] in light of the assertion that by electing to be paid a cash sum in return for relinquishing any and all rights and interest in the land and resources of the Yurok Tribe, including in those portions of the Klamath River Indian Fishery within the Yurok Reservation, Dowd has no right to fish within the Yurok Reservation without the consent of the Yurok Tribe, or without a license issued by the State of California.

*Yurok Tribe v. Dowd*, No. 16-CV-02471-RMI, 2022 WL 2441564, at *2 (N.D. Cal. July 5, 2022). On appeal, the Ninth Circuit specifically held that this court could adjudicate the claims against Defendant Dowd in his individual capacity because a determination of his rights under the Hoopa-Yurok Settlement Act ("HYSA") would afford complete relief to the Yurok Tribe without effecting the rights of the Pulikla Tribe or its other members. *Yurok Tribe v. Resighini Rancheria*, 787 F. App'x 421, 423 (9th Cir. 2019).

Defendant Dowd's contested fishing rights under the HYSA, whatever those rights may have been, can no longer be exercised and cannot be claimed by anyone else after his death. As such, there is no longer a live controversy between the Yurok Tribe and Defendant Dowd—the Yurok Tribe will no longer have to contend with the conduct to which they objected and there is no additional relief that this court can offer. In short, there is no continuing harm, nor any possibility that Defendant will resume the challenged activities in the future. *See Feldman v.*

*Bomar*, 518 F.3d 637, 642–43 (9th Cir. 2008) (holding that declaratory relief may continue to be sought only when the remaining controversy is based on activity that "is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.,* 893 F.2d 1012, 1015 (9th Cir. 1990)); *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1282 (9th Cir. 1994) (holding that the mootness exception for "conflicts which are capable of repetition yet evading review" requires the reasonable expectation that the plaintiff will be subjected to the same action in the future). Plaintiff does not bring a claim for damages or request any monetary relief that might survive Defendant's death. The controversy is now moot, and this court does not have jurisdiction to continue adjudicating the disagreement.

Plaintiff Yurok Tribe objects to the Motion to Dismiss, arguing that the Pulikla Tribe has been a "silent party" to this litigation and could be substituted under Rule 25(a) as the representative of its members in similar situations to Defendant Dowd via *parens patriae*. (Pl.'s Resp. 4–5, Dkt. 175.) Despite requesting that the court "order" this intervention, Plaintiff acknowledges that any participation by the Pulikla Tribe would require it to voluntarily waive its sovereign immunity, which it previously invoked to remove itself from this case. (Pl.'s Resp. 5, Dkt. 175.) As the Pulikla Tribe has not indicated that it intends to waive its sovereign immunity, the court cannot and will not order it to intervene or appear as substitute party. *See Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996) ("The [tribes'] sovereign immunity . . . prevents them from being joined involuntarily unless they waive their immunity."). The court is sympathetic to Plaintiff Yurok Tribe's frustration that the many years of effort spent on this case will not end in a final adjudication of this long-running dispute. But without a proper party for substitution or a live controversy for which the court can provide relief, the court does not have jurisdiction and this case cannot move forward.

Defendant Dowd's death has permanently ended the conduct at issue in this case—any individual rights that he may have had can no longer be exercised, and thus Plaintiff's request for a declaration limiting or extinguishing those rights is superfluous and does not provide Plaintiff any

additional relief. Accordingly, and for the reasons explained above, the case is moot and the court no longer has jurisdiction. The court therefore **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the case with prejudice. A separate judgment shall issue.

     **IT IS SO ORDERED.**

Dated: March 27, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California